J-S31018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH W. BURCH | |
| Appellant | No. 1351 WDA 2018 |

Appeal from the PCRA Order entered September 4, 2018
In the Court of Common Pleas of Crawford County
Criminal Division at No: CP-20-CR-0000570-2008

BEFORE:  OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED  AUGUST 27, 2019**

Appellant, Joseph W. Burch, *pro se* appeals from the September 4, 2018 order of the Court of Common Pleas of Crawford County, dismissing as untimely his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The factual and procedural backgrounds of the instant appeal are undisputed.  Briefly, on November 3, 2008, Appellant pled guilty to aggravated indecent assault of a child.  On January 5, 2009, Appellant pled guilty to prohibited offensive weapons, and possession of drug paraphernalia. On February 26, 2009, the trial court sentenced Appellant to 120 to 240 months' imprisonment for the aggravated indecent child assault conviction and 14 to 60 months' imprisonment for the prohibited offensive weapons and paraphernalia convictions.  Appellant did not file a direct appeal.

Appellant filed his first PCRA petition on October 18, 2010. As explained below, the PCRA court denied relief upon finding the petition untimely. We affirmed that ruling on March 8, 2013, and the Supreme Court denied Appellant's petition for allowance of appeal on August 15, 2013. Appellant filed his second petition on September 18, 2013. The PCRA court dismissed it as untimely on October 28, 2013. No appeal was taken. Appellant filed his third petition on August 5, 2014. The PCRA court dismissed it as untimely on September 16, 2014. We affirmed the dismissal on November 6, 2015. No further appeal was taken. Appellant filed his fourth PCRA petition on August 28, 2017. The PCRA court denied relief. We affirmed on June 15, 2018. The instant PCRA petition, Appellant's fifth, was filed on July 23, 2018. The PCRA court denied relief on September 4, 2018. This appeal followed.

In his fifth PCRA petition, Appellant argues that the timeliness of the petition is met under Section 9545(b)(1)(i), (ii), and (iii). **See** PCRA Court Opinion, 8/10/18, at 5-6. Specifically, Appellant argues that the petition is timely under the governmental interference exception (in the form of his counsel's unjustified failure to file a requested appeal), the newly-discovered facts exception (in the form of recent discovery of the **Muniz**[1] decision, which, in Appellant's view, rendered his sentence illegal), and (iii) the newly recognized constitutional rights exception (as established in **Commonwealth v. Rivera-Figueroa**, 174 A3d 674, 678 (Pa. Super. 2017)).

---

[1] **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).

On appeal, however, Appellant abandons those three grounds, and instead argues the instant petition is timely under the newly-discovered fact exception, namely the same "newly-discovered" fact described in his first PCRA petition,[2] that PCRA counsel was ineffective for not arguing the exception, and that our decision on the first PCRA petition was incorrect because we misunderstood the facts supporting the alleged exception. Appellant's Brief at 7-13. We disagree.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

---

[2] In his first PCRA petition, Appellant argued that his petition was timely under the newly-discovered fact exception (*i.e.*, discovery of credibility of issues involving the forensic nurse who questioned the victim), and that PCRA counsel was ineffective for not pursuing the matter. The PCRA court disagreed and dismissed Appellant's first PCRA petition as untimely. PCRA Court Order, 7/5/12. On appeal, we agreed with the PCRA's court assessment. **See Commonwealth v. Burch**, 1198 WDA 2012, unpublished memorandum (Pa. Super. filed March 8, 2013). Appellant's petition for allowance of appeal was denied on August 15, 2013.

[3] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017.

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady***[4] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)).

The instant petition is facially untimely and Appellant has failed to establish the applicability of any exception to the time-bar. To the extent Appellant relies on the same newly-discovered fact he relied upon in connection with his first PCRA petition, we conclude that he is entitled to no relief as the matter has been already litigated. ***See*** 42 Pa.C.S.A. § 9544(a).

---

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

To the extent that Appellant laments counsel's ineffectiveness for the outcome of the first PCRA petition, we conclude that discovery of counsel's ineffectiveness does not save an otherwise untimely PCRA petition. *See*, *e.g.*, ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000); ***Commonwealth v. Pursell***, 749 A.2d 911 (Pa. 2000) (claims of counsel's ineffectiveness do not escape the PCRA's one-year time limitation merely because they are presented in term of current's counsel discovery of the fact); ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000) (couching argument in terms of ineffectiveness cannot save a petition that does not fall into exception to time-bar).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/27/2019